James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, | Case No. 2:17-CV-1555 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| THUMPER BLOOMQUIST, et al., | |
| Defendant(s). | |

This is an interpleader action involving two life insurance contracts and two competing claimants. Presently before the court is interpleader defendant Thumper Bloomquist's ("Bloomquist") motion for default judgment. (ECF No. 24). Interpleader defendant Mark Brown has not filed a response, and the time for doing so has passed.

Also before the court is interpleader plaintiff Thrivent Financial for Lutherans' motion for discharge from liability. (ECF No. 31). No party has filed a response, and the time for doing so has since passed.

**I.  Facts**

The instant case arises out of a dispute over life insurance benefits. Plaintiff is a not-for-profit financial services organization that issued two life insurance contracts to decedent Patricia Bloomquist ("decedent"). (ECF No. 1). At the time of the contracts' issuance (1985 and 1989), decedent was married to defendant Bloomquist, who was named as the primary beneficiary on both contracts. *Id.* On March 26, 2014, defendant Bloomquist and decedent divorced in California. *Id.* The divorce decree does not mention the life insurance contracts. *Id.*

Defendant Brown is the executor of decedent's will. *Id.* This lawsuit arose because defendant Brown contested plaintiff's payments to Bloomquist. *Id.*

On June 2, 2017, plaintiff filed its complaint for interpleader against Bloomquist and Brown pursuant to the Federal Interpleader Act. *Id.* Plaintiff seeks a judicial declaration of entitlement to the life insurance contract benefits and a discharge from liability. (ECF No. 31).

As defendant Brown has failed to appear in this action, plaintiff filed a motion for clerk's entry of default, (ECF No. 19), which the clerk granted, (ECF No. 20). Thereafter, defendant Bloomquist filed a motion for default judgment. (ECF No. 24). Despite being properly served in this action,[1] defendant Brown has failed to appear. Through his counsel, defendant Brown informed plaintiff's counsel that he does not intend to appear in these proceedings. (ECF No. 16).

On April 18, 2018, Magistrate Judge Koppe ordered plaintiff to deposit the proceeds from the subject life insurance policies with the court. (ECF No. 29); *see also* (ECF No. 27). On April 19, 2018, plaintiff deposited said funds (including accrued interest). (ECF No. 30).

## II. Legal Standard

### a. *Default judgment*

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy

---

[1] "On June 29, 2017, Thrivent affected service of its Interpleader Complaint upon Brown by leaving a copy of the complaint with Hianna Brown, the niece and co-occupant of Brown's residence in Henderson, Nevada. (See Affidavit of Service filed as (ECF No. No. 12.) Brown has not answered Thrivent's Complaint." (ECF No. 31 at 2).

James C. Mahan
U.S. District Judge

- 2 -

favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

   b. *Discharge from liability*

28 U.S.C. § 2361 provides that in "any civil action of interpleader" a district court may discharge the plaintiff in interpleader from further liability, enjoin the parties from instituting further actions related to the stake, and make all other appropriate orders. Accordingly, a stakeholder that "[deposits] the death benefit and past interest with the court, thereby discharging its obligations under the policy" should be dismissed from the action without further involvement. *Jackson Nat. Life Ins. Co. v. Cabrera,* 48 Fed. Appx. 618, 620 (9th Cir. 2002).

**III. Discussion**

   a. *Default judgment*

The instant motion for entry of default judgment has been filed by Bloomquist, a defendant in the action. *See* (ECF No. 24). While more frequently it is the plaintiff who moves for entry of default judgment, courts recognize the right of a defendant in an interpleader action to obtain a default judgment. *See Sun Life Assur. Co of Can., (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006); *Am. Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co.,* No. 99 C 6990, 2002 WL 484845, at *2 (N.D. Ill. Mar. 29, 2002) (finding that defendant was "clearly entitled" to have his motion for default judgment granted against one of two other defendants who had neither answered nor appeared); *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.,* 826 F. Supp. 197, 203–04 (S.D. Miss. 1993) ("Thus, an interpleader claimant may obtain judgment when the remaining claimants have defaulted, unless, however, the competing claimant is the United States."). Here, the court will grant defendant Bloomquist's motion for default judgment, as the *Eitel* factors favor entry of judgment in this case.

   1. *Potential prejudice to movant*

Bloomquist asserts that Brown's interference with plaintiff's payment of the life insurance proceeds to Bloomquist is unduly prejudicial, especially given the fact that Brown has subsequently failed to appear in this action. (ECF No. 24). As Bloomquist notes, if this motion

**James C. Mahan**
**U.S. District Judge**

- 3 -

for default judgment is not granted, Bloomquist "will likely be without other recourse for recovery" as he has no other means to advance this case without Brown's involvement. *Id.* In addition, Bloomquist notes that if this case persists, more and more contract proceeds go towards paying legal fees for Bloomquist's and plaintiff's attorneys, thereby reducing Bloomquist's ultimate recovery. *Id.* The court holds that Bloomquist has demonstrated sufficient prejudice to support granting his motion for default judgment. *See Eitel*, 782 F.2d at 1471.

2. *Merits of movant's claim*

Bloomquist argues that he is the lawful beneficiary of the life insurance proceeds because California law governs the life insurance contract. (ECF No. 24). Although Brown has failed to appear in this action, defendant Bloomquist characterizes Brown's position as follows: "Brown has asserted [prior to this lawsuit] that life insurance policies issued in California to a married couple who subsequently divorced in California are subject to Nevada's revocation by divorce statute because the Decedent moved to Nevada shortly before her death." *Id.*

Nevada law contains a revocation by divorce statute, meaning that divorce removes one's former spouse as the beneficiary on, *inter alia*, life insurance contracts. *See* Nev. Rev. Stat. § 111.781. California law, by contrast, does not have a revocation by divorce statute. *See* Cal. Prob. Code § 5040(e). Therefore, if California law applies, then Bloomquist and decedent's divorce did not impact Bloomquist's status as the beneficiary under decedent's life insurance policy.

The court holds that California law applies to this dispute. Bloomquist and decedent were divorced in California, and the divorce decree was entered pursuant to California law. (ECF No. 1). Further, the divorce decree states that each party is aware of Family Code Section 2024, which states, in relevant part, "[d]issolution or annulment of your marriage . . . does not automatically cancel your spouse's rights as beneficiary of your life insurance policy. If these are not the results that you want, you must change your will, trust, account agreement, or other similar document to reflect your actual wishes." (ECF No. 24). Finally, decedent did not move to Nevada until well after the divorce was finalized in California.

Further, no party has pointed to any other event that would have removed Bloomquist as beneficiary. Bloomquist argues that is because he was never terminated as beneficiary. (ECF No.

James C. Mahan
U.S. District Judge

- 4 -

24). As defendant Brown has failed to appear in this action, he concedes this point. Therefore, defendant has adequately demonstrated an entitlement to the life insurance proceeds.

   *3. Sufficiency of the complaint and possibility of a dispute concerning material facts*

"Once the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *O'Brien v. United States of America*, no 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *1 (D. Nev. Sept. 9, 2010). Here, as the clerk has entered default, all well-pleaded factual allegations are taken as true. *See id.* Plaintiff's interpleader complaint adequately alleges that defendant Bloomquist is the beneficiary under the life insurance contracts and is therefore entitled to their proceeds. Further, no party to this case has raised any possibility of a dispute concerning material facts. Therefore, the third and fifth *Eitel* factors favor granting default judgment. *See Eitel*, 782 F.2d at 1471-72.

   *4. Sum of money at stake*

The fourth *Eitel* factor, which compares the amount of money at stake to the seriousness of defendant's conduct, supports default judgment in favor of Bloomquist. "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010). Here, the complaint sufficiently alleges that Bloomquist is entitled to the life insurance proceeds. Further, defendant Brown contesting Bloomquist's entitlement to the proceeds is the direct cause of defendant Bloomquist's need to obtain a judgment to receive these proceeds. Therefore, this factor favors an entry of default judgment. *See Eitel*, 782 F.2d at 1471.

   *5. Excusable neglect*

The sixth *Eitel* factor considers excusable neglect. 782 F.2d at 1472. The factor favors entry of default judgment when the defendant has been properly served or plaintiff shows that defendant is aware of the lawsuit and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Here, plaintiff properly served defendant, who has failed to answer or otherwise appear. (ECF No. 31). Accordingly, the court holds that plaintiff has demonstrated defendant's failure to appear is not the result of excusable neglect. *See id.* The sixth *Eitel* factor favors default judgment in this case. *See Eitel*, 782 F.2d at 1472.

     *6. Policy favoring disposition on the merits*

     Here, the policy favoring disposition on the merits is greatly outweighed by the other factors that favor default. Further, Brown's intentional avoidance of this lawsuit makes adjudication of this case on the merits a practical impossibility. Therefore, the seventh *Eitel* factor favors default judgment in this case. *See Eitel*, 782 F.2d at 1472.

     *7. Summary*

     The *Eitel* factors heavily favor granting default judgment in favor of defendant Bloomquist in this case. *See id.* at 1471-72. The court holds that Bloomquist is entitled to judgment declaring him the lawful beneficiary of the life insurance proceeds.

     *b. Discharge from liability*

     Here, the court ordered plaintiff to deposit the proceeds from the subject life insurance policies with the court. (ECF No. 27). Plaintiff deposited said funds (including accrued interest). (ECF No. 30). Therefore, as plaintiff has fully satisfied its obligations pursuant to the contracts and complied with its obligations under the Federal Interpleader Act, the court will discharge plaintiff from any further liability. As a part of plaintiff's discharge, the court will grant a permanent injunction prohibiting Bloomquist or Brown from bringing any claims against plaintiff related to the subject life insurance contracts. *See* 28 U.S.C. § 2361.

**IV. Conclusion**

     Accordingly,

     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for default judgment (ECF No. 24) be, and the same hereby is, GRANTED.

     IT IS FURTHER ORDERED that plaintiff's motion for discharge from liability (ECF No. 31) be, and the same hereby is, GRANTED. The court will dismiss plaintiff from the action.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendant Bloomquist shall prepare and submit to the court a proposed final judgment consistent with the foregoing within fourteen (14) days of the date of this order.

DATED July 3, 2018.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge